UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KHALIDAH JY SMITH, | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | C.A. NO. 4:17-cv-2579 |
| | § | |
| WAL-MART STORES, INC.; ASSET | § | |
| PROTECTION MANAGER, MARIELY | § | |
| ALAMO; UNKNOWN WAL-MART | § | JURY TRIAL DEMANDED |
| EMPLOYEE; and HOUSTON POLICE | § | |
| DEPARTMENT, | § | |
| *Defendants.* | § | |

## WALMART'S MOTION FOR PROTECTION FROM SEPTEMBER 12, 2019 DEPOSITION

COMES NOW, Defendant Wal-Mart Stores, Inc. and serves its Motion for Protection pursuant to the applicable rules of the Federal Rules of Civil Procedure.

## BACKGROUND

The Court is no doubt well-versed on the factual allegations in dispute in this case. This case stems from a reasonable misidentification of Plaintiff Khalidah Jy Smith ("Plaintiff") as a shoplifter from Walmart Store No. 1103 on or about May 24, 2016. In reality, Plaintiff was not in Texas on the day of the subject shoplifting. Walmart understands and does not dispute that *Khalidah Jy Smith is not the individual that committed the subject shoplifting.*

As agreed upon by both parties, Defense Counsel and the designated Corporate Representative were ready to move forward with the scheduled Document Deposition as noticed by Plaintiff for 9:00 a.m. on September 12, 2019.[1] The videographer and court reporter were set up for a 9:00 deposition.  Upon Plaintiff's counsel's arrival at approximately 9:50 a.m. (apparently a result of confusion on times of notice  --  which we are not complaining of in this motion), Mr. Malcom "Max" Martin began setting up his own video camera with intentions to

---

[1] See Exhibit A: Notice of September 12, 2019

videotape Walmart's defense counsel, Mr. Willie Ben Daw, III, <u>during the deposition</u>. This action was **not** noticed to Defense counsel in any capacity. Mr. Daw made it clear that he did not consent to being videotaped and that the deposition would not proceed under those circumstances. Mr. Martin refused to put the video camera away and as such, Mr. Daw refused to present Walmart's witness. The parties were unable to reach the Court in order to resolve the dispute before moving forward. Mr. Martin then insisted on taking a Certificate of Non-appearance. A Certificate of Non-appearance was taken and the parties continued attempted discussion off the record pertaining to document production.

On September 5, 2019, seven days before the Document Deposition and as requested by Plaintiff's counsel, Defense counsel sent Plaintiff's counsel what it believed to be the last of the documents requested by Plaintiff's counsel.[2] This included documents labeled SMIT0000292-296. No documents that had already been produced to Plaintiff were re-produced at this juncture as Plaintiff was already in possession of documents. On the day of the scheduled Document Deposition, Defense counsel became aware of a two-page document Defense counsel believed to be relevant to the case. Defense counsel was sure to note this discrepancy on the record and bring it to Plaintiff's counsel's attention. The document is attached herein and labeled SMITp0000297-298.[3]

Also on the record, Defense counsel offered to move this scheduled Document Deposition to September 20, 2019 (assuming there would be a Court order disallowing the videotaping of Mr. Daw during the deposition) and then continuing with the 30(b)(6) deposition already scheduled for October 15, 2019 at 10 a.m. No resolution on that front has been made.

---

[2] See Exhibit B: Email to Plaintiff's Counsel
[3] See Exhibit C: SMITp0000297-298

## <u>MOTION FOR PROTECTION FROM SEPTEMBER 12, 2019 DEPOSITION</u>

The Federal Rules provide that a party or person from whom discovery is sought may move for a protective order on matters relating to a deposition, in the Court where the deposition will be taken. FED. R. CIV. P. 26(c)(1). The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or *undue burden* or expense. *Id. Emphasis added.*

There is no reasonable or ascertainable need for Mr. Daw to be videotaped at a deposition wherein he is presenting a witness on behalf of his client. Mr. Martin gave no notice that he intended to videotape Mr. Daw at the deposition. Should that have been the case, Defense counsel would unquestionably have moved for Protection prior to the commencement of the deposition. As such, Walmart respectfully requests that this Court disallow Mr. Martin, or any individual besides the certified videographer, from videoing any individual during the deposition besides the deponent.

Respectfully submitted,

**DAW & RAY, LLP**

By:     /s/ *Willie Ben Daw, III*
Willie Ben Daw, III
Texas State Bar No. 05594050
Federal Bar No.: 2373
5718 Westheimer, Suite 1400
Houston, Texas  77057
Email: wbdaw@dawray.com
(713) 266-3121 Telephone
(713) 266-3188 Facsimile

**ATTORNEY-IN-CHARGE FOR
DEFENDANTS, WAL-MART STORES,
INC. and MARIELY ALAMO**

**OF COUNSEL:**
Bridgette A. Begle
Texas State Bar No. 24104425
Federal Bar No. 3349377
**DAW & RAY, LLP**
5718 Westheimer, Suite 1400
Houston, Texas  77057
Email: bbegle@dawray.com
(713) 266-3121 Telephone
(713) 266-3188 Facsimile

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all known counsel of record by electronic service on this the  12th  day of _____ September _ , 2019.

Willie D. Powells, III                                         *Via Email:* **williepowells@yahoo.com**
LAW OFFICES OF WILLIE D. POWELLS III & ASSOCIATES P.L.L.C.
One Arena Place
7322 S.W. Freeway, Suite 2010
Houston, Texas 77074


*-AND-*


Malcom D. "Max" Martin                                    *Via Email:* **max@mdmartinlaw.com**
M.D. MARTIN LAW FIRM
2306 Mason Street
Houston, Texas 77006
**ATTORNEYS FOR PLAINTIFF**


                                        */s/ Bridgette A. Begle*
                                        Willie Ben Daw, III/Bridgette A. Begle