IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KHALIDAH JY SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-02579 |
| | § | |
| WAL-MART STORES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment (Doc. No. 20). Plaintiff Khalidah Jy Smith filed a response (Doc. No. 21), and Wal-Mart filed a reply (Doc. No. 22). After careful consideration, the Court **GRANTS** Wal-Mart's Motion.

### I. Background

In May 2016, two individuals – one male and one female – attempted to steal approximately $725 in merchandise from Walmart Store No. 1103 located on FM 1960 Houston, Texas (the "Walmart Store"). (Doc. No. 20, Ex. G at 4; Doc. No. 20 Ex. H at 5). Gregory Watson, an Asset Protection Associate, witnessed the suspects cut off a "spider wrap" from two flat screen televisions. (Doc. No. 21, Ex. 1 at 25–26). Watson then notified his manager, Mariely Alamo, who also began to monitor the suspected shoplifters (*Id.* at 28–29). Alamo testified that she was "directly in front of" the female suspect and got a good look at her (Doc. No. 21, Ex. 1 at 31). Alamo specifically noticed that the suspect had a piercing "[s]omewhere in the bottom part of her face," like her mouth or lip. (*Id.* at 30). The female suspect's skin complexion was similar to Alamo's, "maybe a little darker." (*Id.*).

Once the suspects left the store with the two televisions and a bed sheet without paying, Alamo and Watson attempted to apprehend them (Doc. No. 20, Ex. H at 5). The two individuals

1

then abandoned the stolen items and fled to a nearby vehicle, which quickly drove away. (Doc. No. 20, Ex. H. at 5; Doc. No. 20, Ex. M at 1). Per Wal-Mart's policy, Alamo and Watson did not attempt to follow the fleeing individuals (Doc. No. 20, Ex. J at 6). They did, however, record the license plate number of the vehicle in which the suspects escaped. (Doc. No. 20, Ex. H at 5; Doc. No. 20, Ex. M at 1).

Wal-Mart's policies dictate that law enforcement be notified whenever a suspect attempt to flee detention; law enforcement involvement was also required pursuant to those policies because the suspects attempted to steal over $25 worth of merchandise (Doc. No. 20, Ex. J at 7; Doc. No. 20, Ex. M at 1). Thus, Alamo called the Harris County Sheriff's Office and Deputy E. Pavloski was sent to the Walmart Store. (Doc. No. 20, Ex. G at 4; Doc. No. 20, Ex. M at 1). Alamo and Watson told the Deputy the license plate number and described the suspects' race, sex, height, weight, hair color, eye color, and age. (Doc. No. 20, Ex. H at 5–6). Neither Deputy Pavloski's report nor Wal-Mart's internal report indicate that Alamo described the female suspect's lower face piercing or skin complexion. (*See* Doc. No. 20, Ex. G; Doc. No. 20, Ex. H). The Deputy also obtained a copy of the Walmart Store's surveillance video (Doc. No. 20, Ex. H at 6; Doc. No. 20, Ex. M at 1).

A few hours later, Deputy S. Church stopped a vehicle with the license plate number Alamo and Watson gave to Deputy Pavloski. (Doc. No. 20, Ex. H at 8). The driver and a passenger of the vehicle both, separately, told Deputy Church that earlier in the day they gave two friends a ride to Wal-Mart. (*Id.* at 8–9). The driver and passenger then waited in the vehicle in the Walmart parking lot while their friends went inside the store. (*Id.*). Several minutes later both friends returned to the vehicle, without any merchandise, and had the driver drop them off at their hotel. (*Id.*)

Both the driver and passenger described their friends' name, race, and sex. (*Id.* at 9).[1] Deputy Church searched the female suspect's name and only received one Driver's License result, which was Plaintiff's. (*Id.*; *see also* Doc. No. 20, Ex. L). Deputy Church "obtained a photo of the suspect from the driver's license and showed both parties. Both parties stated the female in the picture was their friend, who they drove to Walmart." (*Id.*). At this point, an Assistant District Attorney was advised of the investigation, who advised Deputy Church that a photo lineup was needed to see if Alamo and Watson could identify the suspects (*Id.*)

Six days later, Deputy K. Reed presented two photo lineups to Alamo; one containing pictures of African-American men and the other containing African-American women (*Id.* at 10; Doc. No. 20, Ex. M at 2). Alamo testified at her deposition that she did not review any surveillance camera footage before the photo lineup; instead she relied on her vision and memory. (Doc. No. 21, Ex. 2 at 6–7). Nevertheless, she was confident her memory was correct. (*See* id. at 7 (("Q. Can we agree that – I mean is there a reason you wouldn't go back to review the video? A. I remember what I saw myself."); *see also* Doc. No. 20, Ex. M at 2). According to Deputy Reed, both suspects were positively identified (Doc. No. 20, Ex. H at 10; Doc. No. 21, Ex. 6 at 10).

Shoplifting charges were brought against Jerald Wayne Smith and Plaintiff (Doc. No. 20, Ex. C and D). Here, it is undisputed that Plaintiff was not the female shoplifting suspect. She merely shares a similar appearance and name to the actual suspect. (*See* Doc. No. 20, Ex. A at 116–17). After receiving a notice of her pending charge, Plaintiff voluntarily turned herself in to the Harris County Sheriff's Department. (*Id.* at 17; Doc No. 21, Ex. 8). She was processed, paid $500 in bail, and left the same day (*See* Doc No. 20, Ex. A at 17; Doc. No. 21, Ex. 8). Within a few days, the charges against Plaintiff were dismissed because (as stated in the District Attorney's

---

[1] The female suspect was identified as "Khalidah Smith." (Doc. No. 20, Ex. H at 9).

Motion to Dismiss) "[t]heft filed on wrong individual. Co-Defendant has cases with different co-defendant of similar name [and] appearance to" Plaintiff. (Doc. No. 20, Ex. E; Doc. No. 21, Ex. 7).[2]

Plaintiff filed suit in the Harris County District Court against Wal-Mart and the Harris County Sherriff's Office alleging malicious prosecution, false arrest, defamation, negligence, and gross negligence (Doc. No. 1, Ex. B).[3] After the state court dismissed the Sherriff's Office (Doc. No. 1, Ex. G) and Wal-Mart was the only named defendant, Wal-Mart removed the case to this Court. (Doc. No. 1).

In this Court, Wal-Mart moved for a traditional and no-evidence summary judgment on all of Plaintiff's claims (Doc. No. 20). Plaintiff filed a response, where she also moved to strike some of Defendant's exhibits and requested a continuance to file a more complete response. (Doc. No. 21). Defendant filed a reply, which solely addressed Plaintiff's request for additional time (Doc. No. 22). Since those briefs were filed, the parties have had several discovery disputes necessitating the Court's intervention. In its most recent order, the Court gave the parties until October 18, 2019 to supplement their summary judgment briefing. (Doc. No. 37). Neither party filed additional documents.

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*,

---

[2] There is no dispute that Alamo and Plaintiff did not know each other before this case. (Doc. No. 20, Ex. A at 14; Doc No. 20, Ex. M at 2).
[3] Plaintiff's initial Petition named Wal-Mart, Alamo, an unknown Wal-Mart employee, and the Houston Police Department as defendants. (Doc. No. 1, Ex. A).

4

485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the Court should not grant the motion. *Celotex*, 477 U.S. at 321–25.

The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

### III.  Procedural Matters

In her response, Plaintiff objected and moved to strike two exhibits Wal-Mart provided in its summary judgment motion. (Doc. No. 21 at 4). Specifically, Plaintiff argues that "Defendant[']s Exhibit I and Defendant['s] Exhibit H [are] unreliable, unauthenticated, untrustworthy, unreliable, contain[] inadmissible hearsay," and were not timely produced. The Court first notes that Defendant's Exhibit H is identical to Plaintiff's Exhibit 6, which is a copy of the Harris County Sherriff's Deputies' incident reports. (*Compare* Doc. No. 20, Ex. H *with* Doc. No. 21, Ex. 6). Accordingly, Plaintiff's objection to that exhibit is overruled. That being said, it appears Plaintiff meant to object to Exhibit K. (*See* Doc. No. 21 at 3–4 (discussing Defendant's Exhibit K)).

Exhibit I is a copy of the District Attorney's Investigation File, which includes: (1) Plaintiff's arrest warrant; (2) the Sherriff Deputies' incident reports; and (3) Alamo's incident report; (4) instructions for completing the photo lineups; and (5) the two photo lineups. (Doc.

No. 20, Ex. I). Exhibit K are screenshots of a Facebook page that Wal-Mart asserts belongs to the female suspect. (Doc. No. 20, Ex. K). Plaintiff complains that these exhibits are unauthenticated, not supported by a business records affidavit, and are overall unreliable. (Doc. No. 21 at 4).

The substance of the evidence submitted at the summary judgment stage must be admissible at trial; the material may be presented in a form that is not admissible at trial. *See* FED. R. CIV. P. 56(c); *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017). The Court is skeptical that Plaintiff's objections to Exhibits I and K amount to more than an inadmissible form objections. Nevertheless, Wal-Mart bears the burden of showing its evidence is admissible or explaining the admissible form that is anticipated. *See* FED. R. CIV. P. 56 advisory committee's note to 2010 amendment. Since Wal-Mart did not respond to Plaintiff's objections, the Court finds it did not carry its burden. Accordingly, the Court sustains Plaintiff's objections to Exhibits I and K.

Plaintiff also requested a continuance and leave to file newly discovered evidence from depositions scheduled after she filed her response. (Doc. No. 21 at 5). As explained, the parties continued to conduct discovery after briefing on Wal-Mart's summary judgment motion closed. The Court gave the parties additional time (until October 18, 2019) to file supplemental briefs and evidence. (Doc. No. 37). Neither took the opportunity to file additional documents. Accordingly, the Court denies Plaintiff's motion to continue the matter further.

### IV. Analysis

*A. Malicious Prosecution*

To succeed on her malicious prosecution claim, Plaintiff must prove: (1) the commencement of a criminal prosecution against her; (2) causation (initiation or procurement) of the action by Defendant; (3) termination of the prosecution in her favor; (4) her innocence; (5) the

6

absence of probable cause for the proceedings; (6) malice in filing the charge; and (7) damage to her. *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 792 n.3 (Tex. 2006) (citing *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997). Malicious prosecution involves a delicate balance between society's interest in the efficient enforcement of the criminal law and the individual's interest in freedom from unjustifiable and oppressive criminal prosecution. *Dangerfield v. Ormsby*, 264 S.W.3d 904, 910 (Tex. App.—Fort Worth 2008, no pet.).

There is no dispute that a criminal prosecution was brought against Plaintiff. The parties also agree that the prosecution was terminated in Plaintiff's favor because of her innocence. The Court will therefore begin with the initiation or procurement element. A person initiates a criminal prosecution if he makes a formal charge to law enforcement authorities.[4] *Browning-Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 292 (Tex. 1994). Procurement, on the other hand, occurs when a person's actions are enough to cause the prosecution, and but-for his or her actions the prosecution would not have occurred. *Id.* A criminal prosecution cannot be procured when the decision whether to prosecute is left to the discretion of another person, such as a law enforcement official or the grand jury. *Id.*

"[M]erely reporting a crime and the suspected criminal to law enforcement authorities does not constitute procurement of criminal proceedings when the authorities exercise discretion in deciding whether to prosecute." *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 509 (Tex. 2002) (first citing *Browning-Ferris*, 881 S.W.2d at 292; and then citing RESTATEMENT (SECOND) OF TORTS § 653 cmt. g). "[A] person reporting criminal conduct to authorities may nevertheless

---

[4] The Restatement explains that initiation occurs when a person makes "a charge before a public official or body in such a form as to require the official or body to determine whether process shall or shall not be issued against the accused." RESTATEMENT (SECOND) OF TORTS § 653 cmt. c. Therefore, "one who . . . presents to a magistrate a sworn charge upon which a warrant of arrest is issued[] initiates the criminal proceeding . . . ." *Id.* The only evidence of a sworn charge being presented to a magistrate judge was from a Harris County Assistant District Attorney, not Wal-Mart (Doc. No. 20, Ex. C and D). Accordingly, the Court focuses its analysis on the procurement inquiry.

be considered to have procured the proceedings if he 'provides information which he knows is false." *Id.* (quoting *Browning-Ferris*, 881 S.W.2d at 293).

Wal-Mart produced summary judgment evidence showing that it did not provide knowingly false information about the female suspect. Deputy Pavloski's report indicates that Watson and Alamo identified the female suspect's race, sex, height, weight, hair color, eye color, and age. (Doc. No. 20, Ex. H at 5–6). Additionally, Wal-Mart provided the Sheriff's Deputy the license plate number and a copy of the Walmart Store's surveillance video. (Doc. No. 20, Ex. H at 6; Doc. No. 20, Ex. M at 1). Moreover, it was the driver and passenger of the vehicle that Deputy Church stopped that originally identified Plaintiff as the female suspect. (Doc. No. 20, Ex. H at 9). This evidence is enough to shift the burden to Plaintiff to establish a genuine issue of material fact. *See Celotex*, 477 U.S. at 321–25.

Plaintiff argues that Wal-Mart provided "false, inaccurate, incomplete statements and information" to law enforcement, including hiding "exculpatory information about the female suspect causing [Plaintiff] to be wrongly identified, charged, and prosecuted for theft." (Doc. No. 21 at 20). Specifically, Plaintiff claims that Alamo and Watson "knowingly failed to disclose material exculpatory evidence" that the female suspect had a piercing on the bottom of her face and her skin complexion was a little darker than Alamo's. (*Id.* at 14–17; *see also* Doc. No. 21, Ex. 1 at 30). The Court finds that Plaintiff has not provided enough evidence to create a fact issue on her malicious prosecution claim.

Merely providing inaccurate or incomplete information is insufficient to satisfy the procurement prong of malicious prosecution. *See Rodriguez* at 510–11. To be sure, a private citizen's failure to make a full and fair disclosure is not the equivalent of knowingly providing false information. *See, e.g., Browning-Ferris*, 881 S.W.2d at 294; *Rodriguez*, 92 S.W.3d at 510.

*Rodriguez* is illustrative on this point. In that case, Rodriguez's personal information was entered into Wal-Mart's check identification system associated with a company check. *Rodriguez*, 92 S.W.3d at 505. After Rodriguez left the company, another employee attempted to purchase goods at Wal-Mart with a check from the same company. *Id.* at 506. The check was returned for insufficient funds. *Id.* Wal-Mart filled out a "hot check" complaint and listed Rodriguez's driver's license number as the check marker's number. *Id.* Rodriguez was subsequently arrested. *Id.* at 505. Once his criminal prosecution was dismissed, Rodriguez sued Wal-Mart for, among other things, false imprisonment. *Id.* at 506.

The trial court granted summary judgment on Rodriguez's false imprisonment claim. *Id.* The court of appeals reversed because Wal-Mart failed to disclose potentially exculpatory facts to the police. *Id.* at 506–07 ("The court of appeals noted that . . . Wal-Mart failed to disclose that it knew that its check identification system could provide an erroneous driver's license number in relation to a company check.") (internal citation and quotation omitted). The Supreme Court of Texas disagreed.[5] *See id.* at 511 ("We decline to hold that negligently providing inaccurate or incomplete information to legal authorities will make a reporting party liable for false imprisonment."). "[F]alse imprisonment requires knowingly providing false information." *Id.* Exculpatory evidence that creates uncertainty in the mind of the reporting party is not enough. *See id.* Accordingly, judgment was rendered for Wal-Mart. *Id.*

As in *Rodriguez*, Plaintiff asserts that Wal-Mart failed to give law enforcement potentially exculpatory information.[6] *See id.* at 506–07. Likewise, Plaintiff argues that the omitted details may

---

[5] The Supreme Court of Texas has recognized a similarity between the causation standards of "procuring" a criminal proceeding and "instigating" an arrest. *Rodriguez*, 92 S.W.3d at 509. Accordingly, cases analyzing the element of one cause of action can be considered when deciding the other one. *See, e.g., id.* at 509–10.

[6] Although the female suspect's facial piercing and skin complexion is not listed in Wal-Mart's internal report or the police report (Doc. No. 20, Ex. G and H), there is no evidence conclusively proving that Alamo did not tell Deputy Pavloski those facts. Nevertheless, because the Court finds summary judgment is appropriate on the malicious prosecution claim, it will assume that Alamo completely omitted those details.

very well have prevented her arrest. *See id.* at 511. Plaintiff has provided no evidence, however, that Wal-Mart knew the information that it did provide was false. *See id.* Alamo's failure to fully disclose details about the female suspect is not equivalent to knowingly providing false information. *See, e.g., id.* at 510 (citing *Browning-Ferris*, 881 S.W.2d at 294). Moreover, contrary to Plaintiff's argument, there is no evidence that "Alamo and Watson knowingly left [the] exculpatory information out of their statements and description to local law enforcement." (Doc. No. 21 at 27).

Plaintiff also complains that Alamo failed to review the Walmart Store's surveillance tapes before participating in the photo lineup. (*Id.* at 41–42). Alamo's reliance on her own memory, Plaintiff argues, shows Alamo "ignored or chose not to follow [Wal-Mart's] polic[ies] and procedures. (*Id.* at 44). Even assuming that is true, there is no evidence that Alamo's identification of Plaintiff as the female suspect was knowingly false. Therefore, this is insufficient evidence to create a fact issue as to procurement. *See, e.g., Browning-Ferris*, 881 S.W.2d 288 ("'[T]he informer is not liable [for malicious prosecution] even though the information proves to be false and his belief was one that a reasonable man would not entertain.'") (quoting RESTATEMENT (SECOND) OF TORTS § 653 cmt. g.); *Rodriguez*, 92 S.W.3d at 511 ("[W]e decline to hold that negligently providing inaccurate or incomplete information to legal authorities will make a reporting party liable for false imprisonment.").

Accordingly, Plaintiff failed to prove a fact issue exists as to whether Wal-Mart knowingly gave law enforcement false information about the female suspect. Thus, she cannot prove Wal-Mart procured her prosecution. The Court therefore finds that Wal-Mart is entitled to summary judgment on Plaintiff's malicious prosecution claim.

### B. False Arrest

To succeed on her false arrest claim, Plaintiff must prove: (1) a willful detention; (2) without consent; and (3) without authority of law. *Rodriguez*, 92 S.W.3d at 506; *see also Robertson v. Wal-Mart Stores, Inc.*, No. H-16-3427, 2017 WL 4551365, at *4 (S.D. Tex. Oct. 11, 2017) ("Under Texas law, false imprisonment and false arrest have the same elements.") (citations omitted). The first element may be satisfied if the defendant intended to cause, and did in fact cause, the plaintiff to be detained, even if the defendant did not participate in the detention. *Dangerfield*, 264 S.W.3d at 910 (citing *Rodriguez*, 92 S.W.3d at 507). To hold a third party liable for instigating the detention, the act of arrest must be made by the office, not of his or her own volition, but to carry out the defendant's request. *Id.* (citing *Rodriguez*, 92 S.W.3d at 507).

As explained, Texas courts have recognized a similarity between "procuring" a criminal proceeding and "instigating" an arrest. *See, e.g., Rodriguez*, 92 S.W.3d at 509. For example, as with malicious prosecution, a private citizen who merely reports a crime and identifies the suspect to law enforcement has not requested or directed the suspect's arrest. *Dangerfield*, 264 S.W.3d at 910 (citing *Rodriguez*, 92 S.W.3d at 507). This is even true when the citizen "mistakenly informs the police that the suspect has committed a crime." *Halbert v. City of Sherman*, 33 F.3d 526 (5th Cir. 1994). A defendant may be liable for instigating an unlawful arrest, however, "if he knowingly provides false information to law enforcement authorities resulting in the arrest." *Rodriguez*, 92 S.W.3d at 509; *see also Robertson*, 2017 WL 4551365, at *4. The Court is not unmindful that Alamo misidentified Plaintiff in the police photo spread, but again there is no evidence that she

did so intentionally or that her failure to review the tape prior to the photo spread was anything more than negligence.[7]

Plaintiff relies on the same arguments and evidence for her malicious prosecution and false arrest claims. Since the standard for instigating an arrest and procuring a criminal prosecution are nearly identical, the Court's analysis is the same. There is no evidence that Wal-Mart knowingly provided false information to law enforcement. Wal-Mart's alleged failure to disclose potentially exculpatory information and to act reasonably before identifying Plaintiff in the photo lineup is insufficient to create a fact issue on the first element. *See, e.g., Browning-Ferris*, 881 S.W.2d 288; *Rodriguez*, 92 S.W.3d at 511. Accordingly, the Court also finds that Wal-Mart is entitled to summary judgment on Plaintiff's false arrest cause of action.

*C. Defamation*

To prevail on a defamation claim under Texas law, a plaintiff must prove that the defendant: "(1) published a statement; (2) that defamed the plaintiff; (3) with either acting with actual malice (if the plaintiff was a public official or public figure) or negligence (if the plaintiff was a private individual) regarding the truth of the statement." *Neely v. Wilson*, 418 S.W.3d 52, 61 (Tex. 2013) (citing *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1988)); *see also Cuba v. Pylant*, 814 F.3d 701, 713–14 (5th Cir. 2016). Statements accusing a person of committing a crime are defamation per se. *See, e.g., Leyendecker & Assocs. v. Wechter*, 683 S.W.2d 369, 374 (Tex. 1984); *Pitts & Collard, L.L.P. v. Schechter*, 369 S.W.3d 301, 329 (Tex. App.—Houston [1st. Dist.] 2011, no pet.).

---

[7] If the Court were to consider Exhibit I (which contains the instructions for viewing the photo line-up), which it is not, it would further bolster Wal-Mart's position because it gives precise instructions, which do not include reviewing extraneous evidence.

12

The parties agree that Plaintiff is a private individual and Wal-Mart is a non-media defendant. (*See* Doc. No. 20 at 16). Therefore, Plaintiff would generally only need to prove Wal-Mart was negligent regarding the truth of its statement that Plaintiff shoplifted. *See Neely*, 418 S.W.3d at 61. Wal-Mart, however, asserts the affirmative defense of qualified privilege. (Doc. No. 20 at 17). *See also Gipson v. Wal-Mart Stores, Inc.*, No. H-08-2307, 2009 WL 10695075, at *5 (S.D. Tex. Jan. 23, 2009) ("Texas defamation law recognizes a qualified privilege[,]" which is an "affirmative defense to a defamation claim.") (citations omitted). If the qualified privilege applies, then Plaintiff must prove that Wal-Mart acted with actual malice. *Robert B. James, DDS, Inc. v. Elkins*, 553 S.W.ed 596, 610 (Tex. App.—San Antonio 2018, pet. denied); *see also Wal-Mart Stores, Inc. v. Odem*, 929 S.W.2d 513, 525 (Tex. App.—San Antonio 1996, writ denied).

To be entitled to the qualified privilege, the person making the statement must make it in good faith on a subject matter that the speaker has a common interest with the other person, or with reference to which the speaker has a duty to communicate to the other. *Grant v. Stop-N-Go Market of Tex., Inc.*, 994 S.W.2d 867, 874 (Tex. App.—Houston [1st Dist.] 1999, no pet) (citations omitted); *see also Duffy v. Leading Edge Prods.*, 44 F.3d 308, 312 (5th Cir. 1995). The privilege is abused if the person makes a statement with actual malice or communicates to person who do not have an interest or duty in the matter being communicated. *See, e.g., Grant*, 994 S.W.2d at 874; *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995).

The undisputed evidence shows that Wal-Mart reported the shoplifting incident to the Harris County Sherriff's Office and to Deputies Pavloski and Reed (Doc. No. 20, Ex. H at 5–6, 10; Doc. No. 20, Ex. M at 1). It is well settled that the qualified privilege applies when reporting a crime to the police. *See, e.g., Elkins*, 554 S.W.3d at 596; *Gipson*, 2009 WL 10695075, at *5. Plaintiff asserts that she produced evidence showing Wal-Mart made statements and publications

"publicly and to third-parties whom do not have the same interest as" Wal-Mart. (Doc. No. 21 at 90). Not so. On the present record, there is no indication Wal-Mart told anyone about the shoplifting incident, aside from law enforcement personnel.

Plaintiff also argues that Wal-Mart must conclusively establish that it acted without malice to invoke the privilege on summary judgment. (Doc. No. 21 at 77). That is a correct statement in Texas state courts. *See Randall's Food Mkts.*, 891 S.W.2d at 646; *Jackson v. Cheatwood*, 445 S.W.2d 513, 514 (Tex. 1969) (per curiam). When a defendant moves for summary judgment in federal court, however, "the nonmovant (plaintiff) has the burden of proving malice; the movant (defendant) does not have to show the absence of malice." *Gipson*, 2009 WL 10695075, at *6 (citation omitted); *see also Duffy*, 44 F.3d at 314 ("Unlike the Texas courts in summary judgment cases, we require that Duffy prove malice, rather than that Leading Edge establish absence of malice, to survive Leading Edge's proper summary judgment motion."). Accordingly, Wal-Mart has produced enough evidence to establish the application of the qualified privilege. Therefore, Plaintiff must show there is a genuine issue of material fact that Wal-Mart acted with malice.

In the defamation context, a statement is made with actual malice when it is made with knowledge of its falsity or with reckless disregard as to its truth. *See, e.g., Greer v. Abraham*, 489 S.W.3d 440, 443 (Tex. 2016); *Bently v. Bunton*, 94 S.W.3d 561, 591 (Tex. 2002). "To establish reckless disregard, a plaintiff must show the defendant 'entertained serious doubts as to the truth of his [statement].'" *Elkins*, 553 S.W.3d at 611 (quoting *Huckabee v. Time Warner Entm't Co. L.P.*, 19 S.W.3d 413, 420 (Tex. 2000)). Mere negligence is not enough; for example, failing to "investigate the facts before speaking as a reasonably prudent person would do is not, standing alone, evidence of a reckless disregard for the truth . . . ." *Bently*, 94 S.W.3d at 591; *see also*

*El Paso Times, Inc. v. Trexler*, 447 S.W.2d 403, 406 (Tex. 1969). Rather, reckless disregard would require evidence "that a failure to investigate was contrary to a speaker's usual practice and motivated by a desire to avoid the truth . . . ." *Bently*, 94 S.W.3d at 591.

Once again, Plaintiff failed to provide evidence that Wal-Mart knowingly made a false statement to law enforcement. Consequently, she must establish a factual dispute as to whether Wal-Mart made its allegedly defamatory statements with reckless disregard for the truth. The determinative factor is whether Wal-Mart entertained serious doubt as to the truth of its statement that Plaintiff was the female suspect. *See Bently*, 94 S.W.3d at 591; *Duffy*, 44 F.3d at 313. The fact that Alamo failed to tell the Deputy that the female suspect had a piercing on her face and had a darker complexion does not prove that she had any doubt about the statements she was making. *See Elkins*, 553 S.W.3d at 611. Alamo's failure to refresh her memory before the photo lineup does not suggest she had a high degree of awareness of the probable falsity of her statements. *See Bently*, 94 S.W.3d at 591. To the contrary, it may suggest just the opposite. To be sure, Alamo's uncontroverted testimony is that she believed she selected the correct individual. (Doc. No. 20, Ex. M at 2; Doc. No. 21, Ex. 2 at 16). Moreover, Plaintiff does not point to evidence that Alamo's usual practice is to refresh her memory in such situations. *See Bently*, 94 S.W. at 591.

In short, Plaintiff complains that Wal-Mart was negligent in that it failed to investigate and did not act as a reasonable prudent person would have acted. None of those theories sufficiently show actual malice. *See id.*; *see also Duffy*, 44 F.3d at 313; *Gipson*, 2009 WL 10695075, at *6, 8 (collecting cases). Plaintiff therefore has not meet her burden of raising an issue of material fact as to Wal-Mart acting with actual malice. *See Duffy*, 44 F.3d at 314. Thus, the Court will grant Wal-Mart's Motion on Plaintiff's defamation claim.

15

## D. Negligence and Gross Negligence

Plaintiff contends that Wal-Mart is liable for negligence and gross negligence. Specifically, she pleaded that Wal-Mart was "negligent in training, supervising, and disciplining its employees," and "in having [Plaintiff] arrested." (Doc. No. 1, Ex. B at 6–7). "To establish negligence, a party must establish a duty, a breach of that duty, and damages proximately caused by the breach." *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (citations omitted). "Whether a duty exists is a threshold inquiry and a question of law; liability cannot be imposed if no duty exists." *Id.* (citing *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998)).

"[C]ourts have refused to recognize a cause of action for negligence or gross negligence independent from a claim for malicious prosecution when it is brought to recover for damages suffered as a result of an allegedly wrongful criminal prosecution." *Lewis v. Continental Airlines, Inc.*, 80 F. Supp. 2d 686, 697 (S.D. Tex. 1999) (collecting cases); *see also Charalambopoulos v. Grammer*, No. 3:14-CV-2424-D, 2015 WL 390664, at *22 (N.D. Tex. Jan. 29, 2015); *Charlie Thomas Chevrolet, Ltd. v. Martinez*, No. 01-17-00830-CV, 2019 WL 3720617, at *5 (Tex. App.—Houston [1st Dist.] Aug. 8, 2019, no pet.) (collecting cases). This is because "malicious prosecution balances a citizen's duty to assist the police against the potential for injury to an innocently accused person. . . . [T]he high burdens of proof and rigorous elements of proof ensure that there will be no liability for citizens who, in good faith, assist the police." *Wal-Mart Stores, Inc. v. Medina*, 814 S.W.2d 71, 73 (Tex. App.—Corpus Christi 1991, writ denied); *see also Martinez*, 2019 WL 3720617, at *5 ("The balance between protecting against wrongful prosecution and encouraging the reporting of crime is heavily weighted against the wrongly accused.") (internal citation and quotation omitted).

In short, under Texas law there is no duty, outside the intentional torts of malicious prosecution and defamation, to not to falsely accuse someone of criminal wrongdoing. *See, e.g.*, *Smith v. Sneed*, 938 S.W.2d 181, 185 (Tex. App.—Austin 1997, no writ) (citations omitted). All of Plaintiff's theories of negligence and gross negligence surround Wal-Mart misidentifying her as the female suspect.[8] (*See* Doc. No. 1, Ex. B at 6–8). The Court therefore finds summary judgment is appropriate on her negligence and gross negligence claim because no legal duty exists. *See also Trevino v. Lightning Laydown, Inc.*, 782 S.W.2d 946, 949 (Tex. App.—Austin 1990, writ denied) (holding one's conduct cannot be grossly negligent without it first being negligent).

## V. Conclusion

For the foregoing reasons, the Court **SUSTAINS** Plaintiff's objections to Exhibits I and K, **OVERRULES** her objection to Exhibit H, and **DENIES** her motion to continue. (Doc. No. 21 at 3–6). The Court also **GRANTS** Defendant's Motion for Summary Judgment as to all of Plaintiff's claims. (Doc. No. 20).

Signed at Houston, Texas, this 24th day of October, 2019.

Andrew S. Hanen
United States District Judge

---

[8] To the extent Plaintiff's claims for negligent training, supervising, and disciplining are not related to her arrest and criminal prosecution, she provided no evidence to survive summary judgment on those claims. Indeed, Plaintiff provided no evidence that a reasonable employer would have provided more training than Wal-Mart provided, or that Wal-Mart did not sufficiently supervise its employees. *See Dangerfield*, 264 S.W.3d at 912. Thus, even if Wal-Mart owed a duty to Plaintiff outside of malicious prosecution, Plaintiff failed to raise a genuine issue of material fact that Wal-Mart breached that duty.